FILED FEB 15 2008 RICHARD W. WIEKING CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

**PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

Name GROCE, PIERCE, L.
(Last) (First) (Initial)

Prisoner Number P05958

Institutional Address C.S.A.T.F. / G2d-294 low
P.O. Box 5248, CorCoran California 93212

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

PIERCE LANDRUM GROCE
(Enter the full name of plaintiff in this action.)

vs.

California Dept. of Corrections Board of Prison Terms, California Parole Commission, Warden Ken Clark, CorCoran State Prison, California Att. General Edmund Brown Jr.
(Enter the full name of respondent(s) or jailor in this action)

CV 08 0966 SBA (PR)

Case No. ____________
(To be provided by the clerk of court)

**PETITION FOR A WRIT OF HABEAS CORPUS** SBA

E-filing

Read Comments Carefully Before Filling In

When and Where to File

You should file in the Northern District if you were convicted and sentenced in one of these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

If you are challenging your conviction or sentence and you were not convicted and sentenced in one of the above-named fifteen counties, your petition will likely be transferred to the United States District Court for the district in which the state court that convicted and sentenced you is located. If you are challenging the execution of your sentence and you are not in prison in one of these counties, your petition will likely be transferred to the district court for the district that includes the institution where you are confined. Habeas L.R. 2254-3(b).

Who to Name as Respondent

You must name the person in whose actual custody you are. This usually means the Warden or jailor. Do not name the State of California, a city, a county or the superior court of the county in which you are imprisoned or by whom you were convicted and sentenced. These are not proper respondents.

If you are not presently in custody pursuant to the state judgment against which you seek relief but may be subject to such custody in the future (e.g., detainers), you must name the person in whose custody you are now and the Attorney General of the state in which the judgment you seek to attack was entered.

A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

1. What sentence are you challenging in this petition?

(a) Name and location of court that imposed sentence (for example; Alameda County Superior Court, Oakland):

Alameda County Superior Court — OAKLAND, California

Court — Location

(b) Case number, if known 152119 + CASE NO. 132066

(c) Date and terms of sentence 6-28-08 (4yrs 8month) 7-14-1998 (3yrs)

(d) Are you now in custody serving this term? (Custody means being in jail, on parole or probation, etc.) Yes ✓ No _____

Where? California State Prison

Name of Institution: CorCoran STATE Prison, C.S.A.T.F.

Address: P.O. Box 5248, CorCoran California 93212

2. For what crime were you given this sentence? (If your petition challenges a sentence for more than one crime, list each crime separately using Penal Code numbers if known. If you are challenging more than one sentence, you should file a different petition for each sentence.)

2nd Degree Burglary 459 PC and Evading Officer with wilful disregard, 2800.2 (A) VC and Bogus Parole Violation.

3. Did you have any of the following?

Arraignment: Yes ✓ No ____

Preliminary Hearing: Yes ✓ No ____

Motion to Suppress: Yes ✓ No ____

4. How did you plead?

Guilty ____ Not Guilty ✓ Nolo Contendere ____

Any other plea (specify) ____________________

5. If you went to trial, what kind of trial did you have?

Jury ____ Judge alone ✓ Judge alone on a transcript ____

6. Did you testify at your trial? Yes ____ No ✓

7. Did you have an attorney at the following proceedings:

(a) Arraignment Yes ____ No ✓

(b) Preliminary hearing Yes ____ No ✓

(c) Time of plea Yes ____ No ✓

(d) Trial Yes ____ No ✓

(e) Sentencing Yes ____ No ✓

(f) Appeal Yes ✓ No ____

(g) Other post-conviction proceeding Yes ____ No ✓

8. Did you appeal your conviction? Yes ✓ No ____

(a) If you did, to what court(s) did you appeal?

Court of Appeal Yes ✓ No ____

Year: 2006 Result: Affirmed Conviction

Supreme Court of California Yes ____ No ✓

Year: ____ Result: ____________________

Any other court Yes ____ No ✓

Year: ____ Result: ____________________

(b) If you appealed, were the grounds the same as those that you are raising in this

petition? Yes ____ No ✓

(c) Was there an opinion? Yes ____ No ✓

(d) Did you seek permission to file a late appeal under Rule 31(a)?

Yes ____ No ✓

If you did, give the name of the court and the result:

____________________________________________

____________________________________________

9. Other than appeals, have you previously filed any petitions, applications or motions with respect to this conviction in any court, state or federal? Yes ✓ No ____

[Note: If you previously filed a petition for a writ of habeas corpus in federal court that challenged the same conviction you are challenging now and if that petition was denied or dismissed with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider this petition. You may not file a second or subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28 U.S.C. §§ 2244(b).]

(a) If you sought relief in any proceeding other than an appeal, answer the following questions for each proceeding. Attach extra paper if you need more space.

I. Name of Court: Alameda County Superior Court, Oakland, CA.

Type of Proceeding: Writ of Habeas Corpus

Grounds raised (Be brief but specific):

a. False Imprisonment

b. Violation of Due Process; (Agreement on Detainers)

c. Refused or failure to Extradite

d. Illegal Extention of Parole

Result: Denied Date of Result: 1-5-05

II. Name of Court: First District Court of Appeal

Type of Proceeding: Writ of Habeas Corpus

Grounds raised (Be brief but specific):

a. False Imprisonment
b. Violation of Due Process (Agreement on Detainers)
c. Refused or failure to Extradite
d. Illegal Extention of Parole

Result: Denied Date of Result: 10-23-07

III. Name of Court: Supreme Court of California

Type of Proceeding: Writ of Habeas Corpus

Grounds raised (Be brief but specific):

a. False Imprisonment
b. Violation of Due Process (Agreement on Detainers)
c. Refused or failure to Extradite
d. Illegal Extention of Parole

Result: Denied Date of Result: 1-16-08

IV. Name of Court: United States District Court, Northern California

Type of Proceeding: Writ of Habeas Corpus

Grounds raised (Be brief but specific):

a. False Imprisonment
b. Violation of Due Process (Agreement on Detainers)
c. Refused or failure to Extradite
d. Illegal Extention of Parole

Result: Dismissed without Prejudice Date of Result: 7-23-2007

(b) Is any petition, appeal or other post-conviction proceeding now pending in any court?

Yes ____ No ✓

Name and location of court: ______________________

B. GROUNDS FOR RELIEF

State briefly every reason that you believe you are being confined unlawfully. Give facts to support each claim. For example, what legal right or privilege were you denied? What happened? Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

need more space. Answer the same questions for each claim.

[Note: You must present ALL your claims in your first federal habeas petition. Subsequent petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant, 499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

Claim One: False Imprisonment; I was arrested, detained and imprisoned on a Bogus Parole Violation, Because I was no longer on Parole

Supporting Facts: ON 8-3-1998 I was sentenced to 3yrs. this sentence to Expire 2000. But due to Violations my discharge was Extended to 2-28-04 ON 2-15-06, I was arrested for Parole Violation on this Case No. 132066 and on 4-19-06 I recieved 1yr in Prison, to Expire 4-19-07 on this case for Violation

Claim Two: Violation of my federal-Rights, Under the United States Constitution Concerning Agreement on Detainers, due Process rights on Extradition

Supporting Facts: Petitioner was arrested and Detained in Knoxville, Tennessee by fugitive Warrant, Placed by California, ON 7-2-2004, I was later Released on 8-12-2004, By Tennessee Officials. They stated that I was no longer wanted by California Officials. California Refused to Extradite

Claim Three: Illegal Extention of Parole on Case No. 132066 (Violation of Plea Agreement)

Supporting Facts: ON 8-3-1998 Petitioner was sentenced to 3yrs (No Inhancements) I was to serve 1yr. on Parole, I was Placed on Parole 10-5-1999 to End 10-5-2000; but due to a Violation my discharge should have been in 2001, ON About, 1-3-01 California Parole Commissioner, Illegally extended my Parole from 3yrs to 4yrs.

If any of these grounds was not previously presented to any other court, state briefly which grounds were not presented and why:

In Case No. 152119, Mr. Floyed Bender, was my Exonerating Witness, he swore before the Alameda Superior Court, in Oakland CA. That he was the Person in question on this Case No. 152119. My Att. Alfon's Wagner Bar. No. 63105 on Appeal No. A114480, Refused to Exspose this fact. He was Ineffective as Counsel

List, by name and citation only, any cases that you think are close factually to yours so that they are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning of these cases:

(People vs. Arbuckle 22 cal 3rd 749) Petitioner was denied Part of his Plea Bargain Aspect. Entry of the Plea was conditioned upon imposition of Sentence. Failure to Meet Condition Constitute a Breach of Plea Bargin

Do you have an attorney for this petition? Yes____ No ✓

If you do, give the name and address of your attorney:

I would like a lawyer appointed to Represent me on this Case

WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

Executed on 2-7-2008 Pierce L. Groce

Date Signature of Petitioner

(Rev. 6/02)

Oct 5 99, I was release from jail. That when my parole started now I was sentence to 3yr parole. That put me to 2003 Now I only have 2 P.A.L 3.14.00 and that was only for 3 monthes and 11 days. Then my second P.A.L was for 10 month and 8 days so my running time comes up to 1 yr 1 month and 19 days. now If this is the case. My Parole should have been up some time in 2004. Even with me being a Parolee at large this time out. my Parole should have still been over with. why Im I still on Parole.

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region 1. SRJ 2. ______

Log No. 1. ______ 2. ______

Category ______

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| PIERCE GROCE | P05958 | UNASSIGNED | 22 A 21 |

A. Describe Problem: I was put on Parol on Oct 5, 1999 For A Period of 3 years I was Extend 1st year and I did my Running Time. My Control Discharge Date is 2-28-04. my Discharged Reviewed Date is 2-28-04 At That Point I was Discharge from Parroll, I Have The Paperwork to Prove This To Be True

If you need more space, attach one additional sheet.

B. Action Requested: I would Request my Hold Be lifted, A Discharge Card Presented to me at my Release.

Inmate/Parolee Signature: Pierce Groce

Date Submitted: 4-19-06

C. INFORMAL LEVEL (Date Received: 5-10-06)

Staff Response: According to the Offender Based Information System (OBIS), Subject has a tentative discharge date of April 7, 2007. This is based on calculations by the Case Records unit. If appellant has any paperwork that indicates otherwise, please submit it to ur agent.

Staff Signature: Austin Uwakwe, PA II

Date Returned to Inmate: 5-15-06

D. FORMAL LEVEL

If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: ______

Date Submitted: ______

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

CALIFORNIA DEPARTMENT OF CORRECTIONS
CHARGE SHEET/REVOCATION TRACKING/SCHEDULING REQUEST
CDC 1676 (4/91)

DISTRIBUTION
ORIGINAL - BOARD REPORT
1ST COPY - R.H.C.
2ND COPY - H.A.
3RD COPY - PAROLEE
4TH COPY - U.S.

REPORT TO: [X] BOARD OF PRISON TERMS [ ] NARCOTIC ADDICT EVALUATION AUTHORITY

| CDC NUMBER | NAME (LAST, FIRST, MI) | NAME BOOKED AS | REGION/UNIT | CSTCU - ST |
|---|---|---|---|---|
| P 05958 | PIERCE, GROCE | SAME | II BERKELEY I | [ ] YES [ ] NO |

| ARREST DATE | ARRESTING AGENCY | BPT REFERRALS | BOOKING NUMBER AND/OR LOCATION |
|---|---|---|---|
| 11/11/04 | ANTIOCH PD | [X] MANDATORY [ ] NON-MANDATORY | 2004025457/ MARTINEZ DET FA |

ARREST CODE: D

* ARREST CODES:
A P&CSD STAFF ALONE
AB P&CSD ASSISTED BY LAW ENFORCEMENT AGENCY
B LAW ENFORCEMENT AGENCY ALONE
D LAW ENFORCEMENT AGENCY WITH INFORMATION FROM P&CSD

| HOLD DATE | DISCOVERY DATE | HOLD REMOVED DATE | AGENT OF RECORD | CONTROLLING DATE | DISCHARGE REVIEW DATE | IMMINENT DISCHARGE |
|---|---|---|---|---|---|---|
| 11/11/04 | 11/12/04 | N/A | E. DOUGLAS | 2/28/04 | 2/28/04 | [ ] |

CHARGES AND CODES

| # | Charge | Code |
|---|---|---|
| 1. | COND 2; ABSCONDING PAROLE SUPERVISION | 021 |
| 2. | COND 2: TRAVEL MORE THAN 50 MILES W/O P&CSD APPROVAL | 028 |
| 3. | COND 2: FAILURE TO REPORT | 020 |
| 4. | COND 4: BURGLARY 2ND | 515 |
| 5. | COND 4: FALSE I.D. TO PEACE OFFICER | 950 |
| 6. | | |

REASON FOR RETAINING PAROLE HOLD: PAROLEE DANGER TO: [X] ABSCOND [X] SELF [X] PROPERTY-OTHERS [X] SAFETY-OTHERS

DATE COPY SENT TO PAROLEE:
INITIALS OF PERSON SENDING:

**SUPPORTING EVIDENCE:**

**CHARGES 1-3:** AOR ATTEMPTED HOME VISIT AT SUBJECT'S RECORD OF RESIDENCE AND LEFT CARDS TO CONTACT AOR ON 3/4/02 AND 3/19/02. AS SUBJECT FAILED TO REPORT AND A PAL REPORT WAS SUBMITTED. SUBJECT'S PAROLE WAS SUSPENDED BY THE BPT ON 4/15/02, WITH AN EFFECTIVE DATE OF 3/4/02.

SUBJECT'S WHEREABOUTS WERE UNKNOWN UNTIL 7/19/04, WHEN AOR VERIFIED SUBJECT WAS IN CUSTODY IN TENNESSEE, AT THE KNOXVILLE DETENTION CENTER AS OF 7/2/04. AOR REQUESTED AN UPGRADED WARRANT TO CODE 2 AS SUBJECT MAY BE RELEASED FROM CUSTODY ON 7/21/04.

ON 8/12/04, SUBJECT WAS RELEASED FROM KNOXVILLE, TENNESSEE DETENTION CENTER OVER A P&CSD CODE II WARRANT. AOR REQUESTED SUBJECT'S PAROLE BE SUSPENDED AS HE WAS ALSO PREVIOUSLY AT LARGE, AND AGAIN FAILED TO REPORT/CONTACT P&CSD. SUBJECT'S PAROLE WAS SUSPENDED BY THE BPT WITH AN EFFECTIVE DATE OF 10/1/04. SUBJECT'S WHEREABOUTS WERE UNKNOWN UNTIL HIS ARREST ON 11/11/04, BY ANTIOCH PD.

**CHARGES** [redacted] ON 11/11/04, [redacted]

PAROLEE'S COPY

| PAROLEE'S NAME | CDC NUMBER |
|---|---|
| PIERCE, GROCE | P 05958 |

LEGAL STATUS SUMMARY TY D PVP 03/18/99 18

| CDC NUMBER | NAME | ETHNIC | BIRTHDATE |
|---|---|---|---|
| P05958 | GROCE,PIERCE,LANDRUM | BLA | 02/06/1951 |

| TERM STARTS | MAX REL DATE | MAX ADJ REL DT | CURRENT REL |
|---|---|---|---|
| 08/03/1998 | 10/12/2000 | 10/12/2000 | 05/10/2000 |

BASE TERM 3/00 + ENHCMNTS 0/00 = TOT TERM 3/00 | PAROLE PERIOD 3 YRS

NO-ENHCMENTS

If I have no ENHANCEMENT how do I get 3yrs PAROLE?

PRE-PRISON + POST SENTENCE CREDITS

| CASE | P2900-5 | P1203-3 | P2900-1 | CRC-CRED | MH-CRED | P4019 | P2931 | POST-SENT |
|---|---|---|---|---|---|---|---|---|
| 132066 | 178 | | | | | 89 | 19 | |

| RECV DT/ CNT | COUNTY/ OFF-CODE | CASE DESCRIPTION | SENTENCE DATE | CREDIT CODE | OFFENSE DAT |
|---|---|---|---|---|---|

CONTROLLING PRINCIPAL & CONSECUTIVE (INCLUDES ENHANCEMENTS/OFFENSES):

--CONTROLLING CASE --
8/03/1998 ALA 132066 7/14/1998
01 P459 2ND BURGLARY 2ND 1 01/12/1
PR

| IWTIP WAIVER DATE | BEGINNING BALANCE | CREDIT APPLIED | TOTAL LOST | TOTAL RESTORED | NE TOT |
|---|---|---|---|---|---|
| 08/03/1998 | 55 | 155 | 0 | 0 | 1 |

CREDITS AUTO RE-VESTED PER PC-2934 : 9

| TRAN TYPE | DATE | END DATE | LOG NUMBER | RULE NUMBER | VIOL CAT | DAYS |
|---|---|---|---|---|---|---|
| WCG | 11/21/1998 | 02/28/1999 | | | | 100 |

| TRAN TYPE | DATE | END DATE | LOG NUMBER | RULE NUMBER | ASSESS | LOST | REST | DEAD |
|---|---|---|---|---|---|---|---|---|

BEG 08/03/1998 ******BEG BAL*******
CURRENT PC BALANCE: 0 CURRENT BC BALANCE: 0

ETO BALANCE = 40 AS OF 02/28/1999

EPRD/MEPD IS 10/05/1999 BASED ON CREDIT APPLIED THRU 02/28/1999 AND WORK GROUP

CASE NO. 132066

P.S. A Copy of My Motion Is Attached To This Writ of Habeas Corpus

RECEIVED
JAN 04 2005
ADMIN. SVCS

12-30-2004

Att: Clerk of Alameda Superior Court

This Letter is To Inform you That I filed A Motion To Discharge And Terminate it was filed ON About August 12, 2004 And I've never got A Reply. I'd like for you to Respond and Let me Know what my results was. I've been informed That any Motion Not Ruled upon within the 45 day period is to be Granted if That is True Please send my Release Order To San Quentin Prison and have me released. Because I Certified and Returned Reciepted This Motion when I Mailed it so I Know it was delivered And I have copies of Everything. This Motion was Mailed from Knoxville Tenn. ON About Aug. 12, 2004. So [illegible] Check And give me my response A.S.A.P., Thankyou

Preice Grove POE

**ALFONS G. WAGNER**
Attorney At Law
California State Bar No. 63105
1185 Solano Avenue, #131
Albany, CA 94706-1637
Telephone: 510.524.5708
Email: alwagner@pacbell.net

September 1, 2006

Heroe Prince
P-05958
Sierra Unit
P.O. Box 2400
Susanville, CA 96127-2400

Re: People v. Heroe Prince, First District Court of Appeal, Division Two, No.A114480; Alameda County Superior Court No. 152119

Dear Mr. Prince:

Enclosed is a letter and some material that I sent to you at San Quentin but was returned to me because you had been moved to Susanville. San Quentin was the only address I had for you at the time.

I have not yet received the record on appeal so I am still unable to evaluate your appeal and/or any habeas corpus, much less write a brief or file a petition. I checked the court web site just before writing this letter and there is no indication that the record has been filed. I must tell you the appellate process works at its own speed and unfortunately there is usually very little one can do to speed it up.

All the material I have received shows the courts are calling you Heroe Prince so I am going to stay with that to try to prevent any confusion. Confusion usually means delay.

I received a telephone call from Floyd Bender and we talked for a while. However, without the record on appeal, there wasn't much I could do.

I will keep you advised of developments.

Sincerely yours,

Alfons G. Wagner

COPY

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

FILED
Court of Appeal First Appellate District
DEC - 4 2007
Diana Herbert, Clerk
By________________Deputy Clerk

In re PIERCE GROCE, AKA HEROE PRINCE,

on Habeas Corpus.

A119586

(Alameda County
Super. Ct. No. 132066, 152119)

BY THE COURT:

The petition for writ of habeas corpus is denied.

Dated: DEC - 4 2007

KLINE, P. J. P.J.

**S159413**

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

---

In re PIERCE GROCE on Habeas Corpus

---

The petition for writ of habeas corpus is denied.

SUPREME COURT
FILED

JAN 16 2008

Frederick K. Ohlrich Clerk

Deputy

GEORGE

Chief Justice

E- FILED
JUL 23 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PIERCE LANDRUM GROCE,

Petitioner,

v.

KATHLEEN PROSPER,

Respondent.
/

No. C 06-3417 SBA (PR)

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS**

(Docket nos. 8, 9)

#13

**INTRODUCTION**

Petitioner Pierce Landrum Groce, a state prisoner incarcerated at the California Correctional Center, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On October 16, 2006, the Court issued an Order to Show Cause directing Respondent to answer the instant petition.

On December 13, 2006, Respondent moved to dismiss the petition for failure to exhaust Petitioner's available state judicial remedies (docket no. 8). Petitioner did not file an opposition.[1]

For the reasons discussed below, the Court hereby GRANTS Respondent's Motion to Dismiss.

**BACKGROUND**

According to the allegations in the petition, Petitioner pled no contest to second degree burglary. On July 14, 1998, the Alameda County Superior Court sentenced him to three years in prison. On October 5, 1999, Groce was released on parole for a period of three years. In January, 2001, the California Department of Corrections extended his parole period from three years to four years.

In 2004, Petitioner filed a petition for a writ of habeas corpus with the Alameda County Superior Court challenging the execution of his sentence. He alleged that he was being kept in

---

[1] Petitioner's opposition was due on January 30, 2007. (Oct. 16, 2006 Order to Show Cause at 2.) On March 2, 2007, Petitioner filed a document entitled "Motion for Review of Decision and Court-Order Release on March 2, 2007 (docket no. 9). Nowhere in this document does Petitioner address Respondent's Motion to Dismiss. To date, Petitioner has not filed his opposition.

United States District Court
For the Northern District of California

Entered on Civil Docket JUL 23 2007

custody unlawfully because he had already completed his sentence and available parole violation terms. The court denied the petition on January 5, 2005.

On May 25, 2006, Petitioner filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2254. He alleges that he filed petitions for writ of habeas corpus in state courts raising this issue before filing this action.

Respondent argues that Petitioner did not exhaust his federal claim in the California Supreme Court.

## DISCUSSION

Prisoners in state custody who wish to challenge in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b),(c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. Id. at 510; Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988). A dismissal solely for failure to exhaust is not a bar to returning to federal court after exhausting available state remedies. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

In support of Respondent's allegations that Petitioner failed to exhaust his state judicial remedies, Respondent first argues that Petitioner wrote "N/A" in response to the question addressing the additional relief sought in the state courts. (Mot. to Dismiss at 3 [citing Pet. at 4-5].) Respondent has also attached an exhibit showing that the California Supreme Court's official website generated a "printout of California Supreme Court cases filed by a party named 'Groce' confirm[ing] that Groce did not file a related petition in that court." (Resp't Ex. 3.)

The Court finds that the record shows Petitioner failed to exhaust his available state judicial remedies before seeking federal habeas relief. Petitioner only sought relief from the Alameda County Superior Court before filing his petition in federal court. Because Petitioner did not present his claims to the California Court of Appeal and the California Supreme Court for review (either in direct review or in a state petition for a writ of habeas corpus), the Court finds that his federal petition is unexhausted.



United States District Court
For the Northern District of California

Accordingly, Respondent's motion to dismiss is GRANTED, and the petition is DISMISSED as unexhausted. This dismissal is without prejudice to Petitioner returning to state court to exhaust his state judicial remedies and then filing a new federal habeas corpus petition. Should he do so, he is advised to file his new federal habeas corpus petition as soon as possible after his state court proceedings have concluded. The Court makes no ruling at this time on the issue of the timeliness of any future federal petition.

**CONCLUSION**

For the foregoing reasons, Respondent's motion to dismiss (docket no. 8) is GRANTED, and the petition for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE as unexhausted. The Clerk of the Court terminate as moot all pending motions, including Petitioner's "Motion for Review of Decision and Court-Order Release" (docket no. 9). The Clerk shall enter judgment and close the file.

This Order terminates Docket nos. 8 and 9.

IT IS SO ORDERED.

DATED: 7/23/07

Saundra B Armstrong
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

PIERCE LANDRUM GROCE,

Plaintiff,

v.

CHARLES C PLUMMER et al,

Defendant.
_______________________________________/

Case Number: CV06-03417 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 23, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Pierce Landrum Groce P05958
CA Substance Abuse Treatment Facility
Corcoran State Prison
SPG GYM 215M
Corcoran, CA 93212

Dated: July 23, 2007
Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

United States District Court
For the Northern District of California

Pierce Groce P05958
C.S.A.T.F. / G2d-294 low
P.O. Box 5248
CorCoran, California
93212

LEGAL MAIL

LEGAL MAIL

Pro Se

UNITED STATES POSTAGE
PITNEY BOWES
02 1A
0004331204
$ 00.41[0]
FEB 08 2008
MAILED FROM ZIP CODE 93212

Clerk of United States District Court
for the Northern District of California
450 Golden Gate Avenue
Box 36060
San Francisco, California
94102

9410233661 C004